UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN E. GARRETT, (L-159088) *Plaintiff*, v. RICHARD CLOUSE, CHIEF OF CORRECTIONS, LAKE CTY. JAIL *Defendants* | No. 22 CV 5993 Judge Lindsay C. Jenkins |

## MEMORANDUM OPINION AND ORDER

Petitioner John E. Garrett, a pre-trial detainee at Lake County Jail, brings a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging the entry of a no-bond order that was subsequently modified to a bond amount of $5 million in the Nineteenth Judicial Circuit Court, Lake County, Illinois. (Dkt. 9.) For the reasons below, the Court denies the habeas corpus petition and declines to issue a certificate of appealability.

### I. Background

On March 1, 2016, Petitioner was arrested and charged with predatory criminal sexual assault of a victim under the age of 13 in Lake County, Illinois. (Dkt. 14, p. 14) (Criminal Case No. 16CF565). Bond was set at $200,000 with 10% to apply and several conditions were imposed, including that Petitioner shall have no contact with the minor victim, Z.H., her family, or her residence. *Id.* at 15. On March 16, 2016, Petitioner's bond was reduced to $100,000 with the same conditions previously set. *Id.* at 16. He posted bond and was released on March 23, 2016. *Id.* Petitioner was

subsequently indicted on two counts of predatory criminal sexual assault of a child under the age of 13. *Id.* at 152-53. The indictment provided that the State would be seeking a term of natural life imprisonment based on Petitioner's prior conviction for predatory criminal sexual assault of a child in Cook County, Illinois. *Id.*

On February 27, 2018, while released on bond, Petitioner was arrested and charged with seven additional counts of predatory criminal sexual assault involving Z.H., the same victim involved in the 2016 offenses, as well as two other female victims under the age of 13. *Id.* at 62, 154-158, 160-161. (Criminal Case No. 18CF444). On that same date, Petitioner's bond was revoked, and he was held without bond under both Case No. 16CF565 and Case No. 18CF444. *Id.* at 28, 63. He was indicted on seven new counts of predatory criminal sexual assault. *Id.* at 154-62. Like the 2016 indictment, the 2018 indictment provided the State would be seeking a natural life sentence. *Id.* at 160-61.

In January 2022, Petitioner's attorney was allowed to withdraw from the case, and Petitioner proceeded to represent himself *pro se* in both criminal matters. *Id.* at 50, 85. In March of that year, Petitioner filed a *pro se* motion for release on bail. *Id.* at 134-146. His motion challenged the no-bond order entered on February 27, 2018, contending that the failure to follow the statutory procedures before revoking his bail, as outlined in 725 ILCS 5/110-6 (West 2018), denied him due process of law. *Id.*

On March 30, 2022, a hearing was held on Petitioner's motion. *Id.* at 169-174. The trial court agreed with Petitioner's position—that a no-bond order should not have been entered in the absence of a petition from the State—and set an umbrella

2

bond in the amount of $5 million for both Case No. 16CF565 and Case No. 18CF444. *Id.* at 172. Petitioner, representing himself *pro se* at the hearing, requested the trial court reconsider the bond amount in light of his socioeconomic status and impose alternative, non-monetary conditions that could equally ensure his appearance in court. *Id.* at 173-174. The trial court rejected Petitioner's argument and ruled:

> As I indicated, Mr. Garrett, there is no reason that without a verified petition being filed and hearing that there should have been a no bond set, so the Court then looks at a number of different factors as set out in the statute: Your background, any priors. I look at the seriousness of the charges and the fact that you were out on bond and then alleged to have committed another offense with the same alleged victim. So based on all of those factors I continue to set bond, an umbrella bond in the amount of five million dollars.

*Id.* at 174.

Following the trial court's bond modification, Petitioner filed a *pro se* motion for review of bail order in the Appellate Court of Illinois. *Id.* at 97-102. He challenged the trial court's March 30, 2022 order setting bond at $5 million, arguing: (1) the bond amount was excessive in violation of the Eighth Amendment; and (2) given the earlier deprivation of due process in setting the no-bond order, "fairness" required a remedy that was more equitable than the trial court's modified bond order. *Id.* at 98-99. The Appellate Court denied Petitioner's motion for review, *id.* at 252, and subsequently denied Petitioner's *pro se* motion to reconsider. *Id.* at 253-260.

Petitioner then filed a *pro se* motion for leave to file a petition for writ of habeas corpus in the Supreme Court of Illinois. *Id.* at 264-269. He reraised his due process claim, arguing that the trial court violated his right to due process when it entered a

3

no-bond order without a petition and hearing on the matter, and that he was not given an adequate post-deprivation remedy to compensate him for the loss he endured as a result of the constitutional violation. *Id.* The Supreme Court of Illinois denied his motion. *Id.* at 263.

## II.   Habeas Corpus Petition

Petitioner now brings a § 2241 habeas corpus petition challenging the trial court's bond determination. (Dkt. 9.) His petition raises two claims: (1) his due process rights were violated where his bond was arbitrarily revoked without affording him all statutorily-mandated procedures under Illinois law, including the filing of a petition and holding a hearing on the matter; and (2) the trial court acted arbitrarily in modifying the no-bond order to $5 million as it was an excessive amount that was set without consideration of either Petitioner's financial circumstances or the previous deprivation of due process. *Id.* at 6.

In response to the habeas petition, Respondent argues Claim One is unexhausted, moot, and non-cognizable, and Claim Two is meritless. (Dkt. 14, p. 3-8.) Petitioner replied, maintaining that he suffered irreparable injury from the alleged due process violation that was not cured by the modified bond order, and that he should be released on his own recognizance with appropriate conditions. (Dkt. 17, p. 19-20.)

As explained below, the Court agrees with Respondent that Petitioner is not entitled to habeas relief on either of his claims.

4

### A.  Legal Standard

Because Petitioner is a pretrial detainee, his only source of habeas corpus relief is under § 2241. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (per curiam). His ability to obtain § 2241 relief, however, is extremely limited by the longstanding principle stated in *Younger v. Harris*, 401 U.S. 37 (1971), which, with very few exceptions, "requires federal courts to abstain from interfering with pending state proceedings." *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). State courts must be permitted "to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43. "[W]hen the moving party has an adequate remedy at law and will not suffer irreparable injury," federal courts "should not act to restrain a criminal prosecution." *Id.* at 43-44.

Excessive bail is one of the limited number of claims cognizable in a § 2241 pretrial petition. *United States ex rel. Garcia v. O'Grady*, 812 F.2d 347, 355 (7th Cir. 1987). But in reviewing the state court's bail determination, this Court may neither "substitute its opinion as to what an appropriate amount of bail should be nor decide what factor should be given the greatest weight." *Id.* In other words, it is not the role of this Court to "conduct a *de novo* bond hearing," as that "would [ ] represent an unwarranted interference in the operation of the state's criminal justice system" in violation of the *Younger* doctrine. *United States ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1133 (7th Cir. 1984) (citations omitted). Rather, the sole issue to be resolved by this Court is "whether the state judge has acted *arbitrarily* in setting that bail." *Id.* (internal quotation marks and citations omitted) (emphasis in original); *see also*

*O'Grady*, 812 F.2d at 357 (Easterbrook, J., concurring) ("The purpose of the language in *Fitzgerald* is not to set the district judge as an appellate tribunal over the supreme court of the state; … [t]he search for 'arbitrariness' … is designed to reduce the scope of federal review.").

## B.  Claim One: Petitioner's Due Process Claim

Petitioner's first claim challenges the February 27, 2018 no-bond order. (Dkt. 9, p. 6.) He contends that the decision to revoke his bond was arbitrary and was made without following the statutory procedures outlined in 725 ILCS 5/110-6, thereby depriving him of due process. *Id.* Specifically, he argues that a petition should have been filed and a hearing on that petition should have been held before his bond was revoked, and that the trial court "admitted" these omissions occurred "when it reversed the no bail order" at the hearing on March 30, 2022. *Id.*

As mentioned above, Respondent argues that Petitioner did not exhaust his available state-court remedies before presenting Claim One in his § 2241 petition,[1] that the claim is moot, and that the claim raises issues that are non-cognizable on

---

1 Respondent argues that Claim One is unexhausted because Petitioner's appeal should be construed as challenging only the state court's modified bond order entered on March 30, 2022, not the previous no-bond order entered on February 27, 2018. (Dkt. 14, p. 4.) The Court recognizes, however, that in Petitioner's motion for review of the bail order in the state appellate court, Petitioner seemingly argues that he was denied due process upon entry of the no-bond order, and that the trial court's modified bond order did not adequately remedy the due process violation. *Id.* at 97-99. He likewise raised his due process challenge in his motion for leave to file a petition for writ of habeas corpus in the state supreme court. *Id.* at 264-280. Petitioner thus appears to have consistently raised a due process challenge to the no-bond order; but whether his motion for leave to file a petition for writ of habeas corpus satisfies the exhaustion requirement presents a separate issue. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (habeas corpus petitioner must "use the State's established appellate review procedures before he presents his claims to a federal court"); *United States ex rel. Shelton v. Cook Cnty. Jail Exec. Dir.*, No. 12 C 4665, 2012 WL 2374750, at *4 (N.D. Ill. June 20, 2012) (citing *Beacham v. Walker*, 896 N.E.2d 327, 332 (Ill. 2008)) ("The Illinois Supreme Court teaches that constitutional claims cannot be brought in an Illinois habeas corpus proceeding because constitutional claims do not fit into the[ ] permissible categories for Illinois habeas corpus."). Ultimately, this Court need not resolve the exhaustion issue because, as discussed, Claim One is moot.

federal habeas corpus review. (Dkt. 14, p. 4-6.) Because mootness affects the exercise of jurisdiction over the claim, the Court begins its inquiry there. *See Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003).

Respondent contends that Claim One is moot because Petitioner's due process argument hinges on the trial court's February 27, 2018 no-bond order, which was subsequently modified at the bond hearing on March 30, 2022, to $5 million. (Dkt. 14, p. 5-6.) In his reply brief, Petitioner challenges Respondent's argument, contending there exists an "actual, ongoing case or controversy" because he has not yet been provided a "suitable post-deprivation remedy" for the alleged constitutional violation that occurred upon entry of the no-bond order. (Dkt. 17, p. 6-10.)

"In order for federal courts to retain jurisdiction over a case, there must be an 'actual, ongoing controvers[y].'" *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (quoting *Fed'n of Advert. Indus. Representatives*, 326 F.3d at 929). The absence of an ongoing case or controversy renders the claim moot and deprives this Court of subject matter jurisdiction over the claim. *Id.*

Petitioner does not challenge Respondent's position that he is no longer being denied pre-trial release, nor that he is currently subject to a $5 million bond. (Dkt. 17, p. 6.) Rather, he seems to be using Claim One as a vehicle to express his disappointment in the relief that he was given at the March 30, 2022 hearing (during which he argued his due process claim), contending that he should have been given a better remedy once the trial court acknowledged the error in entering a no-bond order without the State having filed a petition. *Id.* at 9. But Petitioner's disappointment in

7

the trial court modifying his bond to $5 million, rather than releasing him as he requested, does not create an "actual, ongoing controversy" as to the February 27, 2018 no-bond order.

As mentioned above, it is not the role of this Court to act as an "appellate tribunal" over the state court's bond determination at the March 30, 2022 hearing; it may only review the bond order under which Petitioner is currently being held for arbitrariness. *See O'Grady*, 812 F.2d at 357 (Easterbrook, J., concurring). Because Petitioner is no longer being held without bond, his claim as to the February 27, 2018 no-bond order is moot, and the Court is without jurisdiction to review it.[2] *See Clements*, 796 F.3d at 843.

### C. Claim Two: Petitioner's Excessive Bail Claim

Turning to Claim Two, Petitioner argues the modified bond order setting bond at $5 million was arbitrary and excessive. (Dkt. 9, p. 6.) He contends that the trial court's bond determination was arbitrary because it was made without proper consideration of the relevant, statutory factors, nor consideration of whether there

---

2 As stated above, mootness deprives this Court of jurisdiction over Claim One. *See Clements*, 796 F.3d at 843. However, had that not been the case, the claim is nevertheless non-cognizable on federal habeas corpus review. Claim One raises errors of state law, challenging the entry of the no-bond order on grounds that the applicable statutory processes as outlined under Illinois law, 725 ILCS 110-6, were not properly followed. (Dkt. 1, p. 6.) This Court has no authority to grant habeas relief based on errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal quotation marks and citation omitted); *see also Smith v. Illinois*, No. 07 C 7048, 2008 WL 4951232, at *5 (N.D. Ill. Nov. 17, 2008) (petitioner's claim that he was "denied the bail hearing to which he was entitled to under Illinois law" appears to be "a state-law issue, not a federal constitutional claim.").

8

were alternative, less restrictive means that would assure Petitioner's appearance at court proceedings. (Dkt. 17, p. 13-18.)

As reiterated throughout this opinion, the sole question to be answered by this Court in reviewing an excessive bail claim is whether the state trial court acted arbitrarily in setting bond at $5 million. *Fitzgerald*, 747 F.2d at 1133; *see also Jackson v. Cir. Ct. of Cook Cnty.*, No. 18 C 5864, 2018 WL 6435654, at *3 (N.D. Ill. Dec. 7, 2018); *Miller v. Williamson Cnty. Corr. Ctr.*, No. 14 C 333, 2014 WL 1389629, at *4 (S.D. Ill. Apr. 9, 2014). This Court cannot reweigh the evidence and make its own bond determination. *Jackson*, 2018 WL 6435654, at *3 (citing *O'Grady*, 812 F.2d at 355; *Miller*, 2014 WL 1389629, at *5).

Although the state court's reasoning was not particularly lengthy in issuing the modified bond order, it is clear that the court was aware of the nature and circumstances surrounding the crimes with which Petitioner was charged and made the bond determination accordingly. (Dkt. 14, p. 169-174.) In rejecting Petitioner's request for a lesser-bond amount and alternative, non-monetary conditions, the state trial court explained that it was setting bond at $5 million based on Petitioner's background, prior offenses, the seriousness of the charges, and the fact that he was out on bond when he allegedly committed additional offenses against the same alleged victim. (Dkt. 14, p. 174.) These were more than sufficient bases for the trial court's bond determination. Petitioner is charged with multiple counts of predatory criminal sexual assault of a child, a very serious crime, and is alleged to have committed some of these offenses against the same victim, with whom he was

prohibited from contacting as a condition of release, while he was out on bond. Considering the seriousness of the charges and his history, as the state court did, the setting of bond at $5 million was not arbitrary. *See e.g., Jackson*, 2018 WL 6435654, at *3 (N.D. Ill. Dec. 7, 2018) (state court did not act arbitrarily in denying bond pending petitioner's retrial in light of the nature of the crime charged and the evidence presented at the first trial). Claim Two is therefore meritless and denied.

For all the reasons above, Petitioner is not entitled to § 2241 habeas corpus relief. His petition is therefore denied. (Dkt. 9.)

### III.     Notice of Appeal Rights and Certificate of Appealability

Petitioner is advised that this is a final decision ending his case in this Court. If he wishes to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ.

P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

The Court declines to issue a certificate of appealability. *See Evans v. Cir. Ct. of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) (a certificate of appealability is required to appeal the denial of a § 2241 petition). Such a certificate is granted only where "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner cannot make this showing.

## IV. Conclusion

Petitioner's habeas corpus petition (Dkt. 9) is denied. Any pending motions are denied as moot. The Court declines to issue a certificate of appealability. The Clerk is instructed to enter a judgment in favor of Respondent and against Petitioner. Civil Case Terminated.

Enter: 22-cv-5993
Date:   April 5, 2023

Lindsay C. Jenkins
United States District Court Judge

11